**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP EMIABATA, et al., | Case No. CV 25-9318 FMO (PDx) |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| FARMERS INSURANCE CORPORATION, et al., | |
| Defendants. | |

    Plaintiffs filed this action on September 19, 2025. (See Dkt. 1, Complaint). By Order dated November 25, 2025, plaintiffs were ordered to show cause, on or before December 18, 2025, why this action should not be dismissed for plaintiffs' lack of prosecution. (See Dkt. 8, Court's Order of November 25, 2025). Plaintiffs were admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or the above defendant(s) being dismissed for failure to effect service, lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Local Rule 41). No response was received until December 29, 2025 – eleven days beyond the deadline – when plaintiffs filed a Motion to Show Cause (Dkt. 9, Motion), and an Affidavit in Support of the Motion (Dkt. 10, Affidavit). The court construes the Motion and Affidavit as plaintiffs' response to the Court's Order of November 25, 2025. Beyond being untimely, plaintiffs' response does not establish good cause excusing plaintiffs' failure to file the required proofs of service of the summons and Complaint on either defendant within the time limit imposed

by Rule 4(m). (See, generally, Dkt.). Plaintiffs suggest that they were unable to serve defendants because "the Court has not signed or issued the Summons." (Dkt. 10, Affidavit at ¶ 4). However, that is not correct. The clerk issued a 21-day summons on September 30, 2025. (Dkt. 3, Summons). Thus, plaintiffs' justification for failure to effect service is therefore unpersuasive.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b), the Court's inherent power to achieve the orderly and expeditious disposition of cases, see Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and the factors outlined in Henderson, 779 F.2d at 1423, the court finds that plaintiffs' failure to timely effect service and comply with the Court's Order to Show Cause issued on November 25, 2025 (Dkt. 8) warrants dismissal of this action without prejudice.

Based on the foregoing, IT IS ORDERED THAT judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

Dated this 12th day of January, 2026.

/s/
Fernando M. Olguin
United States District Judge